# IN THE COURT OF APPEALS OF IOWA

No. 14-2021
Filed February 25, 2015

**IN THE INTEREST OF D.S.,**
**Minor Child,**

**T.K., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, Associate Juvenile Judge.

A mother appeals a child-in-need-of-assistance adjudication order. **AFFIRMED.**

Nina Forcier of Forcier Law Office, P.L.L.C., Waterloo, for appellant mother.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kathleen Hahn, Assistant County Attorney, for appellee State.

Melissa Anderson Seeber of the Waterloo Juvenile Public Defender, Waterloo, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, P.J.**

A mother appeals a child-in-need-of-assistance adjudication order. She contends (1) the district court erred in "finding the contents of an [Iowa Department of Human Services] child abuse assessment, that was unverified and unsubstantiated by any professionals, as facts adequate to support a [child in need of assistance adjudication]" and (2) she was "denied due process of law under both the sixth and fourteenth amendments to the U.S. Constitution because she was not allowed to confront witnesses against her and hearsay was the basis for the finding of a [child in need of assistance] adjudication." The second issue was neither raised in the district court nor decided. Accordingly, the issue was not preserved for our review. *See In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003) ("Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal."). We begin and end with the first issue.

The Department of Human Services became involved with the family after police found an unsupervised toddler running around outside a residence. The department investigated the matter and issued a report of founded child abuse against the mother for failure to provide proper supervision. The State applied to have the child temporarily removed from the mother's care. The district court granted the application. At a hearing on the application, the mother stipulated to continued removal of the child.

The State petitioned to have the child adjudicated in need of assistance. The case proceeded to a contested adjudicatory hearing at which the State offered the child abuse assessment report as an exhibit. The mother's attorney

did not object to the report and it was admitted. The State called the report's author as a witness. She explained how the report was prepared, summarized its contents, and was cross-examined by the mother's attorney.

At the end of the hearing, the mother's attorney challenged the evidence supporting the State's petition as follows:

> Iowa Code 232.96(4) [(2013)] says that the Department's report is admissible in evidence, but that shall not alone be sufficient to support a finding that the child is a child in need of assistance. You've heard no other evidence other than that child abuse assessment. There are no witnesses that my client had an opportunity to cross-examine to come forth with these allegations. The only thing that the State is producing is this report. And I believe in the code it's clear that that alone cannot be enough.

The district court implicitly rejected this argument by not only citing the report but "the credible testimony of" the department employee and the mother's failure or refusal to complete offered services.

As the mother concedes, the child abuse assessment report was admissible. *See* Iowa Code § 232.96(4) (stating "[a] report made to the department of human services pursuant to chapter 235A [Child Abuse] shall be admissible in evidence."). The mother also correctly observes that the report alone is not sufficient to support a child-in-need-of-assistance finding. *See id.* ("[S]uch a report shall not alone be sufficient to support a finding that the child is a child in need of assistance unless the attorneys for the child and the parents consent to such a finding."). But the mother is incorrect in asserting the report was the sole basis for the adjudication. As explained, the district court also relied on the department employee's testimony in adjudicating the child in need of

assistance. While this testimony was based on hearsay evidence, the mother concedes hearsay is admissible. *See id.* § 232.96(6).[1]

We recognize the district court and the department additionally relied on the mother's refusal to undergo drug testing at the time of the child abuse investigation—testing we have held a district court and, by extension, the department, lacks authority to require at the pre-adjudication stage. *See In re A.C.,* 852 N.W.2d 515, 518 (Iowa Ct. App. 2014) ("[W]e find no statutory authority to support the district court's ex parte pre-adjudication parental drug testing-order. . ."). But, even without this evidence, the record contained ample other evidence to support the adjudication, not the least of which was the more-than-momentary presence of the two-year-old child outside the home near what the department employee characterized as a busy street. Additionally, the mother agreed to recommended services at the time of the removal hearing and failed to follow through.

We conclude the evidence in the record—minus the evidence of drug test refusals at the child-abuse investigation stage—supported the child's adjudication as a child in need of assistance. Accordingly, we affirm the adjudicatory order.

**AFFIRMED.**

---

[1]       A report . . . made by the department of human services . . . relating to a child in a proceeding under this division is admissible notwithstanding any objection to hearsay statements contained in it provided it is relevant and material and provided its probative value substantially outweighs the danger of unfair prejudice to the child's parent, guardian, or custodian. The circumstances of the making of the report, study, record or other writing or an audiotape or videotape recording, including the maker's lack of personal knowledge, may be proved to affect its weight.